1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| LAM NGUYEN, | )    1:10-cv-02331 AWI MJS HC |
|             Petitioner, | ) |
| | )    FINDINGS AND RECOMMENDATIONS |
| v. | )    TO DISMISS PETITION WITHOUT |
| | )    LEAVE TO AMEND FOR FAILURE TO |
| | )    STATE A COGNIZABLE CLAIM |
| JAMES HARTLEY, | ) |
| | )    (Doc. 1) |
|             Respondent. | ) |
| _____ | ) |

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.

20 **I.**     **DISCUSSION**

21        **a.**     **Procedural Grounds for Summary Dismissal**

22        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23             If it plainly appears from the petition and any attached exhibits that
the petitioner is not entitled to relief in the district court, the judge
24             must dismiss the petition and direct the clerk to notify the
petitioner.

25        The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

26 for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

27 motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260

28

F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**b.    Factual Summary**

On December 15, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner challenges the decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole on November 28, 2008. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

**c.    Federal Review of State Parole Decisions**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

1    U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In

2    Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because

3    there was an absence of "some evidence" to support the decision to deny parole. The Court

4    stated:

5           There is no right under the Federal Constitution to be conditionally released
           before the expiration of a valid sentence, and the States are under no duty to
6           offer parole to their prisoners. (Citation omitted.) When, however, a State
           creates a liberty interest, the Due Process Clause requires fair procedures for
7           its vindication-and federal courts will review the application of those
           constitutionally required procedures. In the context of parole, we have held that
8           the procedures required are minimal. In Greenholtz, we found that a prisoner
           subject to a parole statute similar to California's received adequate process
9           when he was allowed an opportunity to be heard and was provided a statement
           of the reasons why parole was denied. (Citation omitted.)
10

11   Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

12   process that was due as follows:

13         They were allowed to speak at their parole hearings and to contest the evidence
           against them, were afforded access to their records in advance, and were
14         notified as to the reasons why parole was denied....

15         That should have been the beginning and the end of the federal habeas courts'
           inquiry into whether [the petitioners] received due process.

16   Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some

17   evidence" rule is not a substantive federal requirement, and correct application of California's

18   "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

19         Here, Petitioner argues that the Board improperly relied on evidence relating to

20   Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of

21   analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to

22   a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief

23   because California's "some evidence" requirement is not a substantive federal requirement.

24

25         [1]In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning
26   granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and
     to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state
27   the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process
     was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity
28   to insure that the records being considered were his records, and to present any special considerations
     demonstrating why he was an appropriate candidate for parole. Id. at 15.

Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440 F.2d at 14.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

The Court concludes that it would be futile to grant Petitioner leave to amend and recommends that the petition be dismissed.

## II.   **RECOMMENDATION**

Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to amend for failure to state a cognizable claim for relief.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections

/////

/////

1  within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>

2  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  Dated:   October 2, 2011                    /s/ *Michael J. Seng*

6                                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28